DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS LOEB (CABN 269895)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7168
    FAX: (415) 436-7234
    Alexis.loeb@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-0222-JD |
| Plaintiff, | STIPULATED REQUEST TO CONTINUE HEARING DATE AND EXCLUDE TIME |
| v. | |
| MIN JIN ZHAO, | |
| Defendant. | |

    The parties are scheduled to appear before the Court on May 6, 2020, for a change of plea/trial setting hearing. In light of the COVID-19 pandemic and related shelter-in-place restrictions, the parties hereby move the Court for an order continuing May 6, 2020 appearance until July 1, 2020 and excluding time under the Speedy Trial Act.

    Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764

(9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency.  General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent.  General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  The parties stipulate that General Order 72 applies to the above-captioned case, specifically.  COVID-19 is a global pandemic.  To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  The shelter in place has been ongoing for over a month, with no end date scheduled.  A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html.

These realities hamper counsel's ability to meet with the defendant, relevant personnel, and witnesses, particularly because the defendant lives out of the district and, as of the last status hearing, which took place shortly before the shelter-in-place restrictions were implemented, defense counsel still

STIPULATED REQUEST TO CONTINUE HEARING
CR 19-00222-JD

had voluminous document discovery to review and discuss with the defendant. A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Additionally, because counsel have conflicts on June 10, 17, and 24, the requested continuance would also unreasonably deny counsel continuity of counsel. A continuance and exclusion of time from May 6 to July 1 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

For the foregoing reasons, the requested delay in proceedings is warranted and should be excluded under the Speedy Trial Act's exceptions for ends of justice, 18 U.S.C. § 3161(h)(7).

Dated: April 20, 2020

Respectfully submitted,

DAVID L. ANDERSON
UNITED STATES ATTORNEY

By: /s/
ALEXIS J. LOEB
Assistant United States Attorney

Dated: April 20, 2020

/s/
DORON WEINBERG
Counsel for Min Jin Zhao

STIPULATED REQUEST TO CONTINUE HEARING
CR 19-00222-JD

**ORDER**

For the reasons set forth in this Court's General Order No. 72, set forth below in this Order, and set forth in the parties' stipulation, this Court finds that a continuance and exclusion from the time limits applicable under 18 U.S.C. § 3161 from May 6, 2020, to July 1, 2020, is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. § 3161(h)(7)(A).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). In addition, because of the attorneys' preexisting conflicts during June, the requested continuance should be excluded from the calculation under the Speedy Trial Act so as to not unreasonably deny continuity of counsel.

Based on these findings, the Court hereby ORDERS that the May 6 hearing is continued to July 1 at 10:30 a.m. and that the time between May 6 and July 1 is excluded under the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated: April 23, 2020

HON. JAMES DONATO
United States District Judge