JODI LINKER
Federal Public Defender
Northern District of California
CARMEN SMARANDOIU
Assistant Federal Public Defender
450 Golden Gate Ave., Box 36106
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (408) 291-7399
Email:       Carmen_Smarandoiu@fd.org

Counsel for Defendant Zhao

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIN JIN ZHAO,<br><br>    Defendant. | Case No. CR 19–00222 JD<br><br>**UNOPPOSED MOTION AND <s>[PROPOSED]</s> ORDER RE: SENTENCE REDUCTION UNDER U.S.S.G. AMENDMENT 821** |

The parties, by and through their respective counsel, HEREBY STIPULATE AND AGREE:

1.   Defendant is making an unopposed motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

2.   When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

3.   Section 3582(c)(2) establishes a two-step inquiry. *Dillon v. United States*, 560 U.S. 817,

827 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. Specifically, § 1B1.10 requires the court to "determine the amended guideline range that would have been applicable to the defendant if [a listed retroactive amendment] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). If the amended guideline range is lower than the defendant's initial guideline range, he is eligible for a reduction to the low-end of the amended guideline range, but no less than the term of imprisonment he had already served. *Id*. § 1B1.10(b)(2)(A), (C).

4. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. In making this determination, the court may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B1.10 n.1(B)(iii); *United States v. Trujillo*, 713 F.3d 1003, 1009-10 (9th Cir. 2013).

4. Defendant's guideline calculation at the time of sentencing was as follows:

Total Offense Level:   20

Criminal history score: 0

Criminal History Category:   I

Guideline Range:     33-41 months.

3. On November 15, 2021, the Court sentenced Defendant to 33 months' imprisonment in the instant matter.

4. On April 19, 2023, Defendant was sentenced to 63 months' imprisonment in Docket No. 21CR00181-001 VC. *See* Sentence Reduction Investigation Report ("SRIR") at 4.[1] The term of imprisonment imposed by this judgment was ordered to run concurrently with Defendant's term of imprisonment in the instant matter. *See id*. However, the time from November 15, 2021, to April 19,

---

[1] The Sentence Reduction Investigation Report, prepared by the Probation Office, will be submitted to the Court forthwith.

2023 (approximately 17 months), cannot be credited to the defendant's sentence of 63 months because that sentence had not yet commenced. *See* 18 U.S.C. §3585(a); SRIR at 5. Accordingly, Defendant is serving a total of approximately 80 months for both sentences, which are treated as a single aggregate term of imprisonment. *See* 18 U.S.C §3584(c); SRIR at 5.

4.  According to the Bureau of Prisons, Defendant's projected release date is August 30, 2026.

5.  Beginning November 1, 2023, the Court may order a modification of a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), USSG § 1B1.10, and Amendment 821, Part B, Subpart 1 (Zero-Point Offenders) to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(d).

6.  Defendant's amended guideline calculation under Amendment 821 is as follows:

    Total Offense Level:   18

    Criminal history score: 0

    Criminal History Category:   I

    Guideline Range:      27-33 months.

7.  The parties agree that Defendant is eligible for a sentence reduction of 6 months, from 33 months to 27 months. *See* U.S.S.G. § 1B1.10(b)(1), (2)(A).

8.  Defendant has maintained positive post-sentencing conduct. *See* SRIR at 4. In addition to his work assignment as a grounds crew worker, for which he has earned average or above work evaluations during the most recent review period, Defendant has taken multiple educational courses and earned his GED/high school diploma on September 28, 2023. *See id*. Defendant has no disciplinary history for the past six months. *See id*. He is also making commensurate payments toward his court ordered financial obligation. *See id*.

9.  Based on Defendant's amended guidelines range, positive post-sentencing conduct, the financial nature of his offense, and the fact that Defendant is serving an aggregate sentence of approximately 80 months, the parties agree that a reduction of 6 months in the instant matter is consistent with the § 3553(a) factors and would not pose a danger to the community or another person. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 n.1(B).

//

10. Accordingly, Defendant makes an unopposed motion for a 6-month reduction of his sentence.

11. The parties stipulate that, if the Court grants the unopposed motion and orders the requested reduction, all other aspects of the original judgment issued on November 15, 2021, and filed on November 23, 2021, including the length of the term of supervised release, conditions of supervision, fines, restitution, and special assessment shall remain unchanged. The judgment in Docket No. 21CR00181-001 VC shall also remain unchanged.

12. Defendant waives and does not request a hearing in this matter, pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3583(c)(2), and *United States v. Booker*, 543 U.S. 220 (2005).

13. Defendant waives his right to appeal the district court's sentence, provided that the Court grants his unopposed motion and orders the requested reduction.

14. Accordingly, Defendant requests that the Court enter an **order reducing Defendant's term of imprisonment to 27 months**.

Respectfully submitted,

Dated: 8/28/2024

JODI LINKER
Federal Public Defender

_____/s/_____
CARMEN SMARANDOIU
Assistant Federal Public Defender

Dated: 8/28/2024

ISMAIL RAMSEY
United States Attorney

_____/s/_____
ROSS MAZER
Assistant United States Attorney

**IT IS SO ORDERED**.

Dated: 10/18/2024

_____
HON. JAMES DONATO
United States District Judge